1 | Mark D. Rutter (SBN 058194)
  | Steven J. Wysocky (SBN 271257)
2 | **CARPENTER, ROTHANS & DUMONT**
  | 888 S. Figueroa St., Suite 1960
3 | Los Angeles, California 90017
  | Telephone:  (213) 228-0400
4 | Facsimile:   (213) 228-0401
  | mrutter@crdlaw.com / swysocky@crdlaw.com
5 |
  | Attorneys for defendants City of Hawthorne,
6 | Lt. Peter Goetz and Detective Vincent Arias, Jr.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| JULIUS BILBREW, | ) | Case No.  CV11-8282 FMO |
|---|---|---|
|                Plaintiff, | ) | **PROTECTIVE ORDER** |
| -vs- | ) | |
| CITY OF HAWTHORNE, HAWTHORNE POLICE OFFICER VINCENT ARIAS, HAWTHORNE SERGEANT GOETZ, and DOES 1 to 10, inclusive, | ) | |
| Defendants | ) | |

This protective order shall govern the disclosure of the video produced by the Schlueter & Schlueter (custodian of the video) that are responsive to the deposition subpoena for production of business records which was served on January 9, 2013.  That deposition subpoena "[t]he video, whether a video tape, CD or DVD, as well as any pictures depicting Roger Clark's use of a Taser on June 21, 2007 in the case <u>People v. Engman</u>, San Bernardino County Superior Court Case Number MWV-104208."

The video shows Roger Clark's first use of a Taser on a human, which is the corresponding basis for his potential qualifications as an expert witness on Taser use.  However, it also depicts examinations of the injuries and potential medical

injuries caused by the Taser, as well as identifying information for the individual participants on whom the demonstration was performed. Plaintiff's counsel was served with a copy of the subpoena and has not objected. As such, based on a stipulation between the subpoenaing party and the custodian of the video, and good cause shown, the Court makes the following order:

## PROTECTIVE ORDER

1. All material produced by the custodian ("responsive material") - which includes videos or photographs - will be clearly designated and will bear the notation of "SUBJECT TO PROTECTIVE ORDER".

2. Each person receiving any of the responsive documents shall not disclose to any person or entity, in any manner, including orally, any of the Protected Documents or any of the information contained therein, except when used for purposes of this litigation pursuant to this protective order.

3. The Protected Documents and all information contained therein, may only be disclosed to the following "qualified" persons:

    (a) Counsel of record for the parties to this civil litigation;

    (b) Plaintiff and Defendant City of Hawthorne and its employees;

    (c) Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in subparagraph (a); and, investigators, expert witnesses and other persons legitimately involved in litigation-related activities for the counsel of record.

    (d) Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action.

4. The responsive material shall be used solely in connection with the preparation and trial of this action, or any related appellate proceeding, and not for any other purpose, including, without limitation, any other litigation or administrative proceedings or any investigation related thereto.

5. This Order is made for the purpose of ensuring that the responsive

1  documents will not be disseminated beyond what becomes public through being
2  played in open court after the commencement of trial, unless sufficient cause is
3  shown in advance of trial to proceed otherwise.

4      6. If a party intends to use the responsive material in support of or in
5  opposition to a pre-trial filing with the Court, the material must be filed in
6  accordance with the Central District of California Local Rules relating to under
7  seal filings, including Local Rule 79-5.  Counsel intending to use information from
8  Protected Documents must both (a) apply to submit unredacted documents
9  containing information from Protected Documents under seal and (b) file public
10 versions of the same documents with the information from Protected Documents
11 redacted.

## GOOD CAUSE

13 The City of Hawthorne and Detective Vincent Arias, Jr. submit that GOOD
14 CAUSE exists to preserve the confidentiality of the records governed by the
15 stipulation with the custodian of records for the video, where the video shows the
16 graphic demonstration of a Taser being deployed multiple times on three
17 individuals, along with the corresponding effects, and medical issues surrounding
18 the use of the Taser on the participants.  The demonstration was directed by
19 plaintiff's expert witness, Roger Clark, and depicts the first time Roger Clark used
20 a Taser, making the video relevant to his qualifications to serve as an expert
21 witness and discoverable by the defendants.   The video was produced in
22 connection with People v. Engman, San Bernardino County Superior Court Case
23 Number MWV 104208 and was ordered not to be disclosed or placed in the public
24 court file.  Additionally, the San Bernardino County Superior Court also ordered
25 the San Bernardino County District Attorney's Office to not produce the video.
26 Given that the video contains graphic images and has ordered not to be disclosed
27 in the court where it was originally used, the subpoenaing party and custodian
28 submit that a protective order governing the video will serve to balance the privacy

- 3 -
[PROPOSED] PROTECTIVE ORDER

1  rights of those who appear in the video with the defendants' right to discovery in
2  this litigation.
3  IT IS SO ORDERED.
4
5  DATED: February 14, 2013      _____/s/_____
                                  Honorable Fernando M. Olguin
6                                 United States District Court Judge

- 4 -
[PROPOSED] PROTECTIVE ORDER